UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| CLASSIC COUNTRY LAND, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 6:17-cv-00113-GFVT-HAI |
| V. | ) | |
| | ) | |
| DEAN EVERSOLE, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This case presents a simple dispute between two neighbors who cannot agree on the boundary lines between their properties.[1] The neighbors, Mr. Dean Eversole and Classic Country Land, LLC, have both laid claim to the same strip of property along a ridge line in Leslie County, Kentucky. Mr. Eversole has now attempted to prohibit Classic Country from accessing the disputed land, and in response, Classic Country filed this suit. For the reasons that follow, the Court **GRANTS** Mr. Eversole's Motion to Amend and Classic Country's Motion for Partial Summary Judgment. Classic Country's Motion to Submit, Motion for Preliminary Injunction, and Renewed Motion for Summary Judgment are **DENIED AS MOOT**, and Mr. Eversole's Motion to Reschedule Trial is **GRANTED**.

---

[1] While disputes over land are typically better suited for state court, this action is in federal court on the basis of diversity. Classic Country Land, LLC is a Nevada Corporation with a principal place of business in Texas, while Mr. Dean Eversole is a citizen, resident, and domiciliary of Kentucky. [R. 1 at 1.] Classic Country seeks $650,000 in damages. *Id*. at 8. Accordingly, the requirements for an amount in controversy exceeding $75,000 and diversity of citizenship pursuant to 28 U.S.C. § 1332 are met. Neither party has contested jurisdiction in this matter, and the Court determines *sua sponte* that it has jurisdiction under § 1332 to hear this matter. Nonetheless, a Court sitting in diversity must apply the substantive state law. *Erie R.R. Co. v. Thompkins*, 303 U.S. 64 (1938). Based on the briefing for all pending motions, the parties agree that Kentucky law applies to this dispute.

# I

In April of 2016, Classic Country Land, LLC, acquired approximately 200 acres of property in Leslie County, Kentucky, which the company planned to develop and sell as recreational land. [R. 8 at 1.] After a survey of the land was complete, Classic Country divided the property into several tracts and constructed access roads. *Id*. However, by early 2017, Classic Country discovered that their neighbor, Mr. Dean Eversole, had constructed earthen berms across the road, restricting travel to some of these tracts. *Id*. at 1–2. Mr. Eversole admits constructing the berms. [R. 9 at 2.] In defense of his actions, he contests the property boundaries asserted by Classic Country, both debating the surveyed boundaries and claiming adverse possession of the disputed land. *Id*. Classic Country asserts that these berms have resulted in lost customers and profits. [R. 8 at 2.]

Shortly after this case was filed in late 2017, Classic Country filed a motion seeking a preliminary injunction against Mr. Eversole, enjoining further interference by Mr. Eversole with the roadways leading to Classic Country's properties. [R. 8.] Mr. Eversole then moved to amend his Answer to Classic Country's Complaint, asserting a defense of adverse possession. [R. 10.] Classic Country did not oppose this motion. Two months later, Classic Country filed a motion seeking partial summary judgment as to the owner of the disputed property and as to whether Mr. Eversole was trespassing on Classic Country's land. [R. 26.] Mr. Eversole maintains that the land is his, and thus he is not trespassing. [R. 42.] Mr. Eversole, however, was unable to produce a survey of his property, nor did Mr. Eversole provide any evidence as to his ownership other than his own affidavit. [R. 42; R. 55.]

## II

### A

The Court first turns to Mr. Eversole's request to amend his answer. Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). Here, Classic Country has not opposed Mr. Eversole's motion and the Court can find no instance of "undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Id*. It appears, instead, that Mr. Eversole merely seeks to clarify the defenses he asserted in his initial answer. [*Compare* R. 10 *with* R. 7.] Without objection, the Court grants Mr. Eversole's Motion to Amend.

### B

#### 1

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could

return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Liberty Lobby*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

Classic Country first seeks summary judgment as to the boundary line between Classic Country's land and Mr. Eversole's property. [R. 26 at 5.] According to Classic Country, the boundary line runs through the center of a ridge separating two areas in Leslie County known as Peach Meadow Orchard and Wilder Branch. *Id*. at 6. Classic Country believes they have rights to Wilder Branch while Mr. Eversole owns only land in Peach Meadow Orchard. *Id*. Mr. Eversole claimed his deed included land across the ridge and into Wilder Branch. [R. 26-3 at 14.] After purchasing the tract of land, Classic Country hired Mr. Neil Grande, a licensed professional land surveyor, to mark all boundary lines and subdivide the property for resale. [R. 26-1; R. 26-3 at 5–6.] Mr. Grande compared his survey to previous surveys done by Jim Meredith in 1977 [R. 26-3 at 6] and Thomas Boggs in 2015 [R. 26-3 at 22; R. 26-4], and he looked at the deeds conveyed to Mr. Eversole [R. 26-3 at 19]. Mr. Grande determined Mr. Eversole's property runs up to the center of the ridge dividing Peach Meadow Orchard and Wilder Branch. [R. 26-3 at 28–31.]

Mr. Eversole disputes this survey because "a set stone had been moved and was not in the location where originally set," placing the accuracy of Mr. Grande's survey in dispute. [R. 42 at 2.] However, Mr. Eversole presents only his own affidavit[2] as evidence to support this theory. [R. 42-1.] A nonmoving party in opposition to summary judgment "must employ proof other than his own pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S.

---

[2] Attached to his affidavit is a statement from the United States Forest Service, purportedly by Richard Frederick. [R. 42-1 at 2–4.] However, neither Mr. Eversole nor Mr. Frederick has filed anything confirming the veracity of this statement or authenticity of the document. Hearsay evidence cannot be considered as sufficient evidence to defeat a motion for summary judgment. *See Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997)).

317, 324 (1986)).  To determine whether a genuine issue of material fact exists, the Court must consider evidence aside from Mr. Eversole's statements, but he has provided none.  As to the issue of boundary lines, Classic Country has demonstrated an absence of evidence to support Mr. Eversole's claims, and Mr. Eversole has not satisfied his burden of producing specific facts.  *Celotex*, 477 U.S. at 324–25.  Thus, the Court agrees that partial summary judgment is appropriate as to the determination of boundary lines and hereby adopts the boundary lines established by Mr. Neil Grande.

In response to the survey, Mr. Eversole next attempts to claim the disputed land is his, secured through adverse possession.  [R. 42 at 2.]  According to his own statements, Mr. Eversole logged the dispute land, as well as laid his water line across the disputed land.  *Id.*  Classic Country seeks summary judgment that this claim fails as a matter of law.  [R. 26 at 6.]

To acquire title via adverse possession in Kentucky, possession must be (1) hostile, and "under a claim of right;" (2) actual; (3) exclusive; (4) continuous; and (5) open and notorious.  *Moore v. Stills*, 307 S.W.3d 71, 77–78 (2010) (quoting *Appalachian Regional Healthcare, Inc. v. Royal Crown Bottling Co., Inc.*, 824 S.W.2d 878, 880 (Ky. 1992)).  All of these must be maintained for a period of fifteen years, and Mr. Eversole has the burden of proving each element by clear and convincing evidence.  *Id.* at 78.  Again, Mr. Eversole offers only his own statements that "he is extremely familiar with the property."  [R. 42 at 2.]  He claims he has used the property for logging in 2014 and laying a water line shortly thereafter.  *Id.*

First, Mr. Eversole claims that his deed is dated December 12, 2008, less than ten years prior to the filing of this action.  [R. 9 at 1.]  Further, he claims his adverse possession began in 2014 when he began logging the property.  [R. 42 at 2.]  At best, Mr. Eversole has demonstrated possession since 2008, which equates to possession for nine years, not fifteen years, and not

6

sufficient to establish adverse possession.³ *Moore*, 307 at 77–78. Even so, Mr. Eversole's only claims of possession have been for logging once in 2014 and laying a water line. [R. 42 at 2.] Mere timbering, even if done over a period of fifteen years, does not constitute an adverse holding, and thus, does not meet the requirements of adverse possession. *Marsee v. Colson*, 210 S.W.2d 952, 953 (Ky. 1948). Further, the running of a water line does not establish adverse possession, either. While the water line could evince "actual possession," the requirement that possession be "open and notorious" requires Mr. Eversole to "openly evince a purpose to hold dominion over the property with such hostility that will give the nonpossessory owner notice of the adverse claim." *Appalachian Regional Healthcare, Inc.*, 824 S.W.2d at 880. The water line's position does not suggest such dominion. Additionally, Mr. Eversole states that he did so without complaint from the previous owners of Classic Country's tract of land. [R. 42 at 2.] This suggests that Mr. Eversole had permission to run the water line, and that such an interest in the land was not hostile. Thus, even if the Court accepts his statements as true, Mr. Eversole has not presented clear and convincing evidence that he has established adverse possession to this disputed land.

Classic Country also seeks summary judgment as it relates to Mr. Eversole's trespass of their property. [R. 26 at 10.] Mr. Eversole only defends this motion by stating he is the owner of the property. [R. 9; R. 26.] Indeed, Mr. Eversole admits that he constructed berms upon the disputed property "to keep traffic and public from accessing his property." [R. 9 at 2.] To succeed on a claim of trespass to real property in Kentucky, a plaintiff must prove the defendant

---

³ Mr. Eversole cites to *Fordson Coal Co. v. Collins*, suggesting that he does not need to be in possession for the entire fifteen years. [R. 42 at 3.] The Court, however, has been unable to locate the quoted passage offered by Mr. Eversole. Instead, *Fordson Coal Co.* states, "To acquire title by adverse possession, the possession must not only be actual, but so continued as to furnish a cause of action every day during the whole period prescribed by the statute (Ky. St. § 2505), which is fifteen years or more." 104 S.W.2d 985, 987 (1937).

entered or remained upon the plaintiff's land without the plaintiff's consent. *Bradford v. Clifton*, 379 S.W.2d 249, 250 (Ky. 1964). Here, the Court has determined that the disputed land belongs to Classic Country, Mr. Eversole admits to entering the disputed land, and neither party suggests that Classic Country permitted Mr. Eversole to so enter. Mr. Eversole, therefore, has trespassed on Classic Country's land.

**C**

Classic Country has also asked this Court to enjoin Mr. Eversole's interference with Classic Country's property. [R. 8 at 4.] Following Classic Country's filing of the preliminary injunction, the parties attended a settlement conference conducted by Magistrate Judge Hanly A. Ingram. [R. 24.] At the conference, the parties were able to reach an agreement concerning Classic Country's access to the areas in question. *Id.* Accordingly, the parties agreed to hold the motion for preliminary injunction in abeyance. [R. 34.] Having resolved the motion for partial summary judgment, the Court has determined the boundary lines and that Mr. Eversole has no claim under adverse possession. Thus, because the parties have agreed to a preliminary resolution and because the Court has now resolved the underlying issue on the merits, the motion for a preliminary injunction is moot. If Mr. Eversole further interferes with the land, Classic Country remains free to file additional motions for injunctive relief to protect their property rights.

**D**

There remains in this matter, three other pending motions. Following Classic Country's motion for partial summary judgment, Mr. Eversole did not respond or give notice of employment of a surveyor. [R. 36.] Therefore, Classic Country moved to submit the Motion for Summary Judgment to the Court for decision. *Id.* The Court, instead, permitted Mr. Eversole

8

additional time to respond. [R. 40; R. 51.] This matter now having been resolved, Classic Country's motion to submit is now moot.

Next, Mr. Eversole has requested a new trial date because of a scheduling conflict. [R. 49.] Trial is currently set for December 18, 2018, but counsel for Mr. Eversole will be out of the state from December 16, 2018 through December 23, 2018. *Id*. Classic Country does not object to the trial date, but requests an advanced date, rather than a continuance. [R. 53.] Mr. Eversole does not object to an earlier date. Having no objection, the Court will grant this motion.

Finally, for reasons unclear to the Court, Classic Country has also filed a Renewed Motion for Summary Judgment. [R. 58.] This motion requests the same relief requested in its previous Motion for Partial Summary Judgment. [*Compare* R. 26 *with* R. 58.] Having already decided Classic Country's initial request for summary judgment, and having no new arguments presented in the renewed motion, Classic Country's renewed motion is also moot.

### III

In order to defeat a motion for summary judgment, the non-movant is required to provide a mere scintilla of evidence to suggest a genuine issue of material fact. Having provided none, Mr. Eversole is unable to establish claim to the disputed land. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Classic Country Land, LLC's Motion for Preliminary Injunction [**R. 8**] is **DENIED AS MOOT**;

2. Defendant Dean Eversole's Motion to Amend/Correct Answer [**R. 10**] is **GRANTED**;

3. Defendant Dean Eversole's Answer [**R. 7**] is **AMENDED** to include the Supplement Tendered Answer [**R. 10-1**];

9

4. Plaintiff Classic Country Land, LLC's Motion for Partial Summary Judgment [**R. 26**] is **GRANTED**;

5. The Court **ADOPTS** the boundary lines of the properties as established by the survey completed by Neil Grande [**R. 26-1**];

6. The Court **FINDS** that Mr. Eversole did not establish adverse possession as a matter of law;

7. The Court **FINDS** that Mr. Eversole trespassed on the property owned by Classic Country, LLC, as a matter of law;

8. Plaintiff Classic Country Land, LLC's Motion to Submit for Decision [**R. 36**] is **DENIED AS MOOT**;

9. Defendant Dean Eversole's Motion to Reschedule Trial [**R. 49**] is **GRANTED**;

10. Plaintiff Classic Country Land, LLC's Renewed Motion for Summary Judgment [**R. 58**] is **DENIED AS MOOT**;

11. The Final Pretrial Conference in this matter, currently scheduled for December 4, 2018, is **RESCHEDULED** to **Wednesday, November 28, 2018**, at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort**, Kentucky; and

12. Jury Trial in this matter, currently scheduled for December 18, 2018, is **RESCHEDULED** to **Tuesday, December 11, 2018**, at the hour of **10:00 a.m.** in the Courtroom of the United States Courthouse in **Frankfort**, **Kentucky**, with counsel to arrive by 9:30 a.m.

This the 5th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge